**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Michael and Tina Brandenburg,<br><br>    Plaintiffs,<br> v.<br><br>Conn Appliances, Inc.,<br><br>    Defendant. | Civil Action No.: 4:16-cv-00052<br><br>**COMPLAINT<br>JURY** |

For this Complaint, Plaintiffs, Michael and Tina Brandenburg, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiffs, Michael and Tina Brandenburg ("Plaintiffs"), are adult individuals residing in Plano, Texas, and each is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Conn Appliances, Inc. ("Conn"), is a Texas business entity with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381-2008, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, Conn began placing calls to Plaintiffs' cellular telephones, numbers 214-xxx-4758 and 214-xxx-4753, using an automatic telephone dialing system ("ATDS").

6. When Plaintiffs answered calls from Conn, they heard silence and had to wait on the line before they were connected to the next available representative.

7. In or around September 2015, Plaintiffs each spoke with a live representative and requested that the calls cease.

8. Nevertheless, Conn continued to place automated calls to Plaintiffs' cellular telephone numbers.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

9. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiffs' cellular telephone numbers using an ATDS or predictive dialer.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

12. Defendant's telephone system(s) have some earmarks of a predictive dialer.

13. When Plaintiffs answered calls from Defendant, they heard silence before Defendant's telephone system would connect them to the next available representative.

14. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Defendant placed automated calls to Plaintiffs' cellular telephone numbers despite knowing that it lacked consent to do so. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone numbers called by Defendant were assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. As a result of each call made in negligent violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

   A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

   B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

   C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 18, 2016

                         Respectfully submitted,

                         By  */s/ Jenny DeFrancisco*

                         Jenny DeFrancisco, Esq.
                         CT Bar No.: 432383
                         LEMBERG LAW, LLC
                         43 Danbury Road
                         Wilton, CT 06897
                         Telephone: (203) 653-2250
                         Facsimile:  (203) 653-3424
                         E-mail: jdefrancisco@lemberglaw.com
                         *Attorneys for Plaintiffs*